UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TONY LEROY VANDEE,

        Plaintiff,

v.

UNKNOWN DICKERSON, et al.,

        Defendants.
_____/

Case No. 2:22-cv-225

Hon. Hala Y. Jarbou

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 6.) In an opinion and order (ECF Nos. 7, 8) entered on December 21, 2022, the Court screened Plaintiff's initial complaint (ECF No. 1) pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). The Court dismissed Defendant James Corrigan because Plaintiff failed to state a claim against him. The Court also denied Plaintiff's motion to appoint counsel. Additionally, the Court concluded that Plaintiff had set forth plausible Eighth Amendment failure to protect and deliberate indifference to medical needs claims against the John Doe Defendants, but that the Court could not proceed further without identifying information for at least one of those individuals. Plaintiff was directed to file an amendment to his complaint within thirty (30) days that identified at least one of the John Doe Defendants.

Plaintiff filed his amended complaint on January 6, 2023. (ECF No. 9.) Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendant Dickerson for failure to state a claim. Further, the Court will dismiss the John Doe Defendants without prejudice because Plaintiff has failed to comply with the Court's prior order directing him to provide identifying information for at least one of those individuals.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. In his amended complaint, Plaintiff sues Correctional Officers Unknown Dickerson, John Doe #1, John Doe #2, and John or Jane Doe #3.

Plaintiff alleges that on or about July 7, 2022, he was playing video games on his electronic device in the dayroom for Unit E. (ECF No. 9, PageID.48.) Plaintiff avers that the day room is adjacent to the officers' station and, therefore, in clear view of custody staff. (*Id.*) Plaintiff asserts further that the dayroom is equipped with surveillance cameras that are monitored by staff in the facility's Control Center. (*Id.*)

While playing video games in the dayroom, Plaintiff was assaulted by another prisoner, who struck Plaintiff in the face with his fist. (*Id.*) Plaintiff's jaw was fractured, and he suffered a black eye. (*Id.*) Plaintiff alleges that Defendants John Does #1 and #2, who were at the officers' station, did nothing to stop the assault. (*Id.*) He also contends that when he passed by the officers'

station with blood streaming from his nose, Defendants John and Jane Doe #1 and #2 did not ask if he needed medical attention but "ignored him as if nothing had ever happened." (*Id.*) Plaintiff also alleges that Defendant John or Jane Doe #3, who was assigned to the Control Center on that date, did nothing to stop the assault, such as radioing for assistance. (*Id.*) Plaintiff states that an incident report was never prepared. (*Id.*) Moreover, the inmate who assaulted him was not removed from Unit E, but "remained in the Unit for more than a week being allowed to daily breath[e] out threats and intimidations at Plaintiff unencumbered." (*Id.*, PageID.46.)

On July 11, 2022, four days after the assault, Plaintiff was on the phone when Defendant Dickerson "accosted" him and "ordered him to take off his sunglasses while he was in the Unit." (*Id.*) Defendant Dickerson noticed Plaintiff's swollen face and blood-shot eyes and asked what happened. (*Id.*) Plaintiff told Defendant Dickerson that he had been elbowed in the face while playing basketball because he feared that the inmate who assaulted him would retaliate and harm him again. (*Id.*) Defendant Dickerson told Plaintiff that he "might as well tell her the truth because she was going to check the camera footage and find out what happened anyway." (*Id.*)

Later that night, "Plaintiff unexpectedly received an itinerary for a call-out to health care to see the nurse regarding his injuries." (*Id.*) Plaintiff contends that he did not submit a kite to health care "for fear of retaliation" from the inmate who assaulted him. (*Id.*) He was subsequently transported to a medical center in Sault Ste. Marie for further evaluation. (*Id.*) When Plaintiff returned to URF, "he was placed into Housing Unit E with the inmate Hicks who assaulted him." (*Id.*) Plaintiff alleges that his placement back into the unit was done despite Defendant Dickerson's review of the video footage of the assault. (*Id.*) Plaintiff faults Defendant Dickerson for not issuing a misconduct ticket to the other inmate and for not placing him in segregation to remove him from Plaintiff's unit. (*Id.*, PageID.47.)

3

When Defendant Dickerson arrived for work in the evening of July 12, 2022, she asked Plaintiff if he had "kept his medical appointment." (*Id.*) Plaintiff contends that Defendant Dickerson was "fully aware that prisoner Hicks was still in the Unit at this time [but] made no effort to protect Plaintiff from any potential further assaults by Hicks by at the least having Plaintiff or either prisoner Hicks moved to another Unit." (*Id.*)

On July 13, 2022, Plaintiff was escorted to the acting inspector's office to be interviewed about the incident. (*Id.*) Plaintiff admitted that he had been assaulted by inmate Hicks. (*Id.*) Plaintiff was then placed in protective custody for his safety. (*Id.*) That same day, Plaintiff was transferred to MCF. (*Id.*, PageID.6.) On July 15, 2022, he was taken to Spectrum Health Hospital in Muskegon, Michigan, where he underwent "oral reconstructive surgery receiving twelve plates in his face." (*Id.*)

Based on the foregoing, Plaintiff contends that Defendants John Doe #1, John Doe #2, and John or Jane Doe #3 violated his Eighth Amendment rights by failing to protect him from assault and by demonstrating deliberate indifference to his medical needs. Plaintiff also suggests that Defendant Dickerson violated his Eighth Amendment rights by failing to protect him from potential future assaults by inmate Hicks. Plaintiff seeks $150,000.00 in compensatory and punitive damages from each Defendant. (*Id.*, PageID.45.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

4

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claim Against Defendant Dickerson

Plaintiff suggests that Defendant Dickerson violated his Eighth Amendment rights because she "made no effort to protect Plaintiff from any potential further assaults by Hicks." (ECF No. 9, PageID.47.)

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against

5

prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson*, 468 U.S. at 526. In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. To establish a violation of this right, Plaintiff must show that the Defendants were deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection"

6

between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

In his amended complaint, Plaintiff alleges that after he was assaulted by another inmate, Defendant Dickerson later reviewed the camera footage from the day of the assault and identified prisoner Hicks as the individual who assaulted Plaintiff. (ECF No. 9, PageID.46.) Plaintiff faults Defendant Dickerson for "[b]eing fully aware that prisoner Hicks was still in the Unit" with Plaintiff and for "ma[king] no effort to protect Plaintiff from any potential further assaults by Hicks." (*Id.*) Plaintiff, however, has failed to set forth facts to support his conclusory allegation that Defendant Dickerson knew that Hicks was still in the same unit as Plaintiff. Moreover, although Plaintiff contends that Hicks continued to make threats for about a week after the assault, nothing in the complaint can lead the Court to infer that Plaintiff made Defendant Dickerson aware of those threats and that she ignored Plaintiff's concerns. In summary, Plaintiff has failed to allege sufficient facts to show that Defendant Dickerson was aware of and consciously disregarded an excessive risk to Plaintiff's safety. *See Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67. Consequently, Plaintiff's Eighth Amendment failure to protect claim against Defendant Dickerson will be dismissed.

### B. Claims Against Defendants John Doe #1, John Doe #2, and John or Jane Doe #3

As fully set forth in its December 21, 2022, opinion (ECF No. 7), the Court has already concluded that Plaintiff has set forth plausible Eighth Amendment failure to protect and deliberate indifference to medical needs claims against Defendants John Doe #1, John Doe #2, and John or Jane Doe #3. (*Id.*, PageID.35–39.) The Court's review of Plaintiff's amended complaint does not lead to a different conclusion.

7

Again, however, Plaintiff has failed to provide identifying information for any of these individuals. In its December 21, 2022, opinion and order (ECF Nos. 7, 8), the Court directed Plaintiff to file an amendment to his complaint identifying at least one of these individuals. Although Plaintiff filed an amended complaint, he only added Dickerson as a Defendant and did not provide identifying information for at least one of the John Doe Defendants. As the Court previously advised Plaintiff, without such information, the Court is unable to refer the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program or to order service by the United States Marshals Service. Because Plaintiff has failed to comply with the Court's previous order directing him to provide identifying information, the Court will dismiss Defendants John Doe #1, John Doe #2, and John or Jane Doe #3 without prejudice. This dismissal without prejudice does not preclude Plaintiff from refiling his suit against these individuals, within the applicable limitations period, should he discover identifying information for at least one of the John Does.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Dickerson will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Defendants John Doe #1, John Doe #2, and John or Jane Doe #3 without prejudice because Plaintiff has failed to comply with the Court's prior order directing him to provide identifying information for at least one of these individuals.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not

be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

    A judgment consistent with this opinion will be entered.


Dated: January 30, 2023             /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE